UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APACHE CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-1064 |
| | § | |
| THE NEW YORK CITY EMPLOYEES' | § | |
| RETIREMENT SYSTEM, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is plaintiff Apache Corporation's verified application for a temporary restraining order (Dkt. 5.) The court has reviewed the motion, all of the responsive pleadings, the arguments of counsel, and the applicable law. Apache has failed to meet its burden of persuasion; therefore, its application for a temporary restraining order is DENIED.

## DECLARATORY JUDGMENT ACT

As a preliminary matter, the court finds that this declaratory action is properly before the court. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (1994). The United States Supreme Court has repeatedly characterized the Declaratory Judgment Act as an "enabling" statute only, "confer[ing] a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (quoting *PSC v. Wycoff Co.*, 344 U.S. 237, 241 (1952)) (internal quotation marks omitted). Therefore, "the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness

informed by the teachings and experience concerning the functions and extent of federal judicial power." *Id.* (quoting *Wycoff*, 344 U.S. at 241).

In *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000), the Fifth Circuit set out a three-step process for courts to follow in deciding whether to dismiss a declaratory judgment action. "A federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003). If the action is justiciable and is within the court's authority, the court must determine how best to exercise its authority.

A declaratory judgment action is justiciable if "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Venator Group Specialty, Inc. v. Matthew/Muniot Family, L.L.C.*, 322 F.3d 835, 838 (5th Cir. 2003). Apache is seeking a declaration that pursuant to the rules promulgated under the Securities Exchange Act of 1934 it properly excluded defendants' shareholder proposal from the proxy materials sent to shareholders in anticipation of the company's annual shareholders' meeting. Hence, the action is justiciable.

Section 2201 is a procedural provision only extending to controversies within the jurisdiction of the federal courts. *Gaar v. Quirk*, 86 F.3d 451, 453-54 (5th Cir. 1996); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1176-77 (5th Cir. 1984). As such, federal courts may not entertain declaratory judgment actions unless there is an independent basis for subject matter jurisdiction. *Lowe*, 723 F.2d at 1177. As the present case is based on a federal question, under the 1934 Exchange Act and pursuant to 28 U.S.C. § 1331, and diversity of citizenship, pursuant to 28 U.S.C.

§ 1332, the jurisdictional requirements are satisfied. Apache's request for declaratory relief is within this court's jurisdiction.

Having found the suit both justiciable and within its jurisdiction, the court must next determine the propriety of exercising its discretion under the Declaratory Judgment Act. "The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citing *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)). The "first-to-file" rule is grounded in principles of comity and sound judicial administration. "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *W. Gulf*, 751 F.2d at 728. "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* at 729; *see also Col. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-20, 96 S. Ct. 1236 (1976).

This general standard controls absent compelling circumstances. *Hortex*, 439 F.2d at 407 (citing *Rickey Land & Cattle Co. v. Miller & Lux*, 218 U.S. 258, 31 S. Ct. 11 (1910); *In re Georgia Power Co.*, 89 F.2d 218 (5th Cir. 1937); *Tivoli Realty v. Interstate Circuit*, 167 F.2d 155 (5th Cir. 1948)). The record evidence fails to show that defendants delayed their filing of the parallel New York lawsuit because of ongoing settlement discussions. Therefore, Apache's filing its complaint in this court is not improper anticipatory litigation or abusive forum shopping. *See, e.g.*,

*Sherwin-Williams Co.*, 343 F.3d at 391. Invariably, litigants choose a forum when they file suit. The exercise of that choice, alone, cannot present circumstances compelling nonadherence to the first-to-file rule. "Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of . . . litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Id.*

In addition to the anticipatory filing and forum choice considerations, the Fifth Circuit requires a district court, before exercising its discretion under the Declaratory Judgment Act, to determine whether the federal court is a convenient forum for the parties and witnesses and whether retaining the lawsuit would serve the purposes of judicial economy. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994).[1] Defendants have not shown the New York forum more convenient. Apache's headquarters and annual shareholders' meeting are in Houston, Texas. Moreover, Apache alleges, and defendants do not dispute, that relevant documents and necessary witnesses are also located in Houston, Texas. Resolving this case is going to require travel and inconvenience, whether the case is tried in Texas or New York. Although pursuing the cause in New York will be slightly more convenient for defendants, adjudicating the matter in Texas will be equally convenient for Apache. Lastly, both courts are equally capable of applying federal law to resolve the case. Therefore, the New York forum is no more, and perhaps slightly less, convenient than the Texas forum.

Similarly, litigating the claim in New York will be no more judicially economical than doing so in the Texas court. Both courts have been presented with substantial briefing on the issue and

---

[1] Because the parallel litigation is in a sister-federal court, the following *Trejo* factors do not apply: whether there is a pending state action in which all of the matters in controversy may be fully litigated, and whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

held hearings on the dispute. Neither case has progressed more quickly, and consolidation of either case into the other will serve judicial economy and result in more efficient trial management. Nevertheless, this alone is insufficient cause to deviate from the first-to-file rule by dismissing or transferring this matter to New York.

For the foregoing reasons, litigating this dispute in this court is not inappropriate, burdensome, or prejudicial. The court, therefore, finds it appropriate to exercise its discretion under the Declaratory Judgment Act.

### TEMPORARY RESTRAINING ORDER

A party seeking a temporary restraining order or preliminary injunction must establish the following elements: (1) there is a substantial likelihood the party will prevail on the merits; (2) a substantial threat exists that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendants; and (4) the granting of the preliminary injunction will not disserve the public interest. *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003); *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991); *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Authority of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). Relief should be granted only if the party seeking relief has clearly carried the burden of persuasion as to all four elements. *Karaha Bodas Co.*, 335 F.3d at 363; *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 64 (5th Cir. 1990); *Miss. Power & Light v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985).

Apache has failed to meet its burden of persuasion. Therefore, its application is DENIED.

## CONCLUSION

For the foregoing reasons, Apache's application for a temporary restraining order is DENIED. Furthermore, it is

ORDERED that the parties appear before this court on April 21, 2008, at 2:00 p.m., at which time an oral hearing will be held on Apache's application for a preliminary injunction.

From the court's review of the briefing and evidence related to Apache's application for a temporary restraining order it is apparent that the parties have sufficiently developed the record in this case to proceed to trial on the merits. Therefore, because the issue before this court is a question of law requiring urgent resolution in advance of Apache's May 8, 2008, annual shareholders' meeting, pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, it is

ORDERED that the hearing on Apache's application for preliminary injunction be consolidated with trial on the merits. All supplemental filings must be submitted to the court no later than end of business April 18, 2008.

Signed at Houston, Texas on April 15, 2008.

_____
Gray H. Miller
United States District Judge